FILED
2023 JAN 17 PM 1: 15
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **TRINA TRINH THI CHU.** <br> **Plaintiff/Pro Se** <br><br> v. <br><br> **ALEJANDRO N. MAYORKAS, SECRETARY UNITED STATES DEPARTMENT HOMELAND SECURITY (IMMIGRATION and CUSTOMS ENFORCEMENT), AGENCY** <br> **ALICE MILLER, CHIEF COUNSEL** <br> **JAMIE COMANS, DEPUTY CHIEF COUNSEL** <br> **JAMIEN ARVIE, DEPUTY CHIEF COUNSEL** <br><br> **Defendants** | CASE NO. _____ <br><br><br><br> JURY TRIAL: YES |

## COMPLAINT
## FOR EMPLOYMENT DISCRIMINATION
## AND JURY DEMAND

1. Plaintiff Trina Trinh Thi Chu alleges:

**Parties, Jurisdiction, and Venue**

2. This action is brought pursuant to the Civil Rights Act of 1866, as Amended, Title VII of the Civil Rights Act of 1964, as amended, 42

1

U.S.C.A. §§ 1981, and §§ 2000e to 2000e-17 (race, color, gender, religion, national origin), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.§ 621, et seq.

3. Plaintiff is a woman of over forty-eight years of age, a Vietnamese descent, and a resident of Winter Garden, Florida and she seeks equitable and monetary relief under the Age Discrimination in Employment Act, including reinstatement to the position from which she was separated, back pay, and all other appropriate relief to which she is entitled under the law.

4. Defendant is Alejandro N. Mayorkas ("Defendant"), in his official capacity as Secretary of the United States Department of Homeland Security, a United States federal agency with offices in Florida. Other defendants include Secretary Mayorkas's agents, each of whom is being sued individually and in her official capacity, Alice Miller (Regional Director/Chief Counsel ("CC"), Jamie Comans (Deputy Chief Counsel "DCC"), Jamien Arvie (Deputy Chief Counsel)

5. At all times material to Plaintiff's claims, Defendant conducted business in the State of Florida, and employed Plaintiff in Oakdale, Louisiana. The claims asserted herein arose from and are connected to purposeful acts committed by Defendant during Plaintiff's employment in Oakdale,

2

Louisiana while employing other employees in Orange County within the jurisdiction of this honorable court. Defendant may be served with process by serving its agent at Orlando – OPLA, Office of the Principal Legal Advisor, Orlando, 3535 Lawton Road, Suite 100, Orlando, FL 32803, with telephone number (407) 812-3600.

6. Jurisdiction of this honorable court is invoked to secure protection of, and redress for the deprivation of rights, guaranteed by the aforementioned federal law.

7. This honorable court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1345, and 42 U.S.C. §§, 1981, 2000e to 2000e-17 (race, color, gender, religion, national origin), and 29 U.S.C. § 621-634 (age).

## Exhaustion of Federal Administrative Remedies

8. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on February 4, 2020.

9. The Equal Employment Opportunity Commission has issued a Notice of Right to Sue Letter, which I received on October 17, 2022.

3

10. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct, 60 days or more have elapsed.

## Factual Allegations Common to All Claims

11. Defendant is federal government agency, the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, at the Office of the Principal Legal Advisor (OPLA), doing business in Orlando, Orange County, Florida.

12. At all times relevant, Plaintiff was employed by Defendant as an Assistant Chief Counsel, GS-13/GS-14 with the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, at the Office of the Principal Legal Advisor (OPLA), in New Orleans, Louisiana, Oakdale sub-office.

13. At all relevant times, Defendant was/is engaged in the enforcement and prosecution of immigration cases in the district.

14. Plaintiff was hired on September 16, 2018, and was subject to a two-year probationary period. She was wrongfully terminated on October 4, 2019.

15. Subsequently, on or about October 25, 2019, Plaintiff initiated contact with an Equal Employment Opportunity (EEO) Counselor, DHS's Office

for Civil Liberties.

16. On February 4, 2020, Plaintiff filed a formal complaint alleging discrimination on the basis of race, color, gender, age, and national origin with the Equal Employment Opportunity Commission (E.E.O.C.). See attached Exhibit A, incorporated by reference herein.

17. On or about, October 17, 2022, the Administrative Judge from the E.E.O.C. issued a decision with a "Notice of Suit Rights" to Plaintiff. See attached Exhibit B.

18. At all relevant times, the following individuals are believed to have been employed by Defendant, in supervisory roles, Alice Miller/Chief Counsel, Jamie Comans/Deputy Chief Counsel, and Jamien Arvie/Deputy Chief Counsel.

19. Plaintiff is an individual of Vietnam national origin and shares a common Vietnamese language, culture, ancestry and other social characteristics with other individuals of Vietnamese ethnicity. She is a member of a class of persons protected from discrimination in her employment under the Civil Rights Act of 1964, 42 U.S.C.A. § 1981, as amended, Civil Rights Act of 1866, as Amended, and Title VII of the Civil Rights Act, as amended.

20. Plaintiff speaks Vietnamese as her primary language, and is fluent in

5

English and also speaks it as her primary English.

21. Plaintiff was employed by Defendant in its sub-office of litigation in Oakdale, Louisiana and commenced employment in the position of assistant chief counsel (ACC) on or around September 16, 2018.

22. Plaintiff's job tasks included, but were not limited to, litigating or prosecuting immigration cases on the detained docket in the Immigration Court in Oakdale, Louisiana.

23. During the relevant time period (September 16, 2018 to October 4, 2019), Plaintiff complied with agency's rules and policies and performed in an outstanding fashion. She was discriminated against and treated unfairly based on the grounds mentioned above in Paragraph 2.

24. At the time of wrongful termination, Plaintiff was over 45 years of age and had been in the continuous employment of Defendant for approximately 14 months.

25. At the time of the discharge, Plaintiff's salary was a GS-14 level.

26. Up to the time of the wrongful termination, Plaintiff met the expectations of the employer with minimal complaints about her job performance from her colleagues or court personnel or her superiors.

27. Even a day or two before her termination, there was no complaint, there was just counseling, which consists of the Letter of Counsel sent to

6

Plaintiff from Chief Miller.

28. Six months before the wrongful termination, around April 2019, Plaintiff had a job performance meeting with her supervisor DCC Jamie Comans, who noted a few areas that need improvements and assured Plaintiff not to worry about them its' still so early on yet. Plaintiff was concerned since she felt DCC Comans did not have the facts straight and conveyed her concern at said meeting. Plaintiff was allowed to submit a written statement of the disputed facts to be included in the evaluation before DCC Comans sent the evaluation to Chief Alice Miller, but the former sent it without Plaintiff's statement. Plaintiff then emailed Chief Miller the statement.

29. About six months later, in October, 2019, the day or two before the wrong termination of Plaintiff's employment, Chief Miller emailed Plaintiff a "Letter of Counsel" listing the same disputed facts from the April performance review evaluation by DCC Comans. Plaintiff then responded and complained to Chief Miller about DCC Comans and DCC Jamien Arvie and the wrongful, false performance review facts, which are now clearly a pretext to their discriminatory plan to terminate Plaintiff ever since at least early April of 2019.

30. DCC Comans based her performance reviews on wrongful facts

7

supplied to her by DCC Jamien Arvie.

31. Plaintiff believes that she was treated differently than other employees in similar situations. In one situation, Plaintiff's two co-workers did the same thing she did and did not meet with any complaint and were retained and/or promoted.

32. Plaintiff believes that she was treated differently than other employees in similar situations. In another situation, Plaintiff's three co-workers did the same thing she did and did not meet with any complaint and were retained and/or promoted.

33. Plaintiff believes that she was treated differently than other employees in similar situations. In yet another situation, Plaintiff's other co-worker was chastised by some immigration judges and DCCs were informed of such and these co-workers were still retained and/or promoted.

34. Most of these co-workers in similar situations were also on new hires probationary period as well. They did the same thing or worse and did not meet with any complaint and were retained and/or promoted.

35. Defendants had always hired attorneys less than the 40 years of age at this sub-office of Oakdale up to the time of Plaintiff's termination and probably still so.

36. As a result of the arbitrary and capricious and discriminatory acts of

8

Defendants, Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income and loss of benefits, including loss of health and life insurance policies.

## First Claim for Relief
## Age Discrimination (ADEA)

37. The Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 36 above as if fully stated here.

38. Plaintiff has fully satisfied all jurisdictional prerequisites in connection with the claims under Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

39. Defendant's actions, as described above, constitute intentional and purposeful discrimination against Plaintiff because of Plaintiff's age discrimination under 29 U.S.C § 623 (a)(1).

40. As a direct and proximate result of the practices complained of, Plaintiff endured great mental suffering and sustained injury and damages as set forth below.

## Second Claim for Relief
## (Discrimination on Basis of Race
## in Violation of 42 U.S.C. § 1981)

9

41. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 40 above.

42. Defendant discriminated against Plaintiff on the basis of her race by subjecting her to disparate treatment in the terms, privileges, and conditions of her employment in violation of 42 U.S.C. § 1981.

43. Defendant's actions, as described above, constitute intentional and purposeful discrimination against Plaintiff because of Plaintiff's race under 42 U.S.C § 1981.

44. As a direct and proximate result of the practices complained of, Plaintiff endured great mental suffering and sustained injury and damages as set forth below.

### Third Claim for Relief
### Discrimination on Basis of Civil Rights Act of 1964, 42 U.S.C § 2000e, et seq. Disparate Treatment)

45. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 44 above.

46. Defendant discriminated against Plaintiff on the basis of her race, color, gender, and national origin by subjecting her to disparate treatment in the terms, privileges, and conditions of her employment in

10

violation of Civil Rights Act of 1964, 42 U.S.C § 2000e, et seq.

47. Defendant's actions, as described above, constitute intentional and purposeful discrimination against Plaintiff because of Plaintiff's race, color, gender, and national origin under 42 U.S.C § 2000e, et seq.

48. As a direct and proximate result of the practices complained of, Plaintiff endured great mental suffering and sustained injury and damages as set forth below.

## Fourth Claim for Relief
## Retaliation
## (42 U.S.C.A. § 1981. as Amended, Civil Rights Act of 1866, as Amended)

49. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 48 above.

50. Defendant discriminated against Plaintiff on the basis of her race, color, gender, and national origin, and age by subjecting her to disparate treatment in the terms, privileges, and conditions of her employment in violation of federal law.

51. Defendant's actions, as described above, constitute intentional and purposeful discrimination against Plaintiff because of Plaintiff's race, color, gender, and national origin, and age under federal law.

52. As a direct and proximate result of the practices complained of, Plaintiff endured great mental suffering and sustained injury and damages as set forth below.

### Injunctive Relief

53. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged, and this suit for injunctive relief is her only means of securing adequate relief.

### Damages

54. Plaintiff has suffered damages for loss of income, mental anguish and suffering in an amount to be determined trial and estimated to be in excess of $550,000.00.

WHEREFORE, Plaintiff request that the court:

1. Enter a declaratory judgment that the practices complained of are unlawful and in violation of Plaintiff's rights;

2. Preliminarily and permanently enjoin Defendant from engaging in such unlawful practices, policies, customs and usages, and from continuing any and all other practices shown to be in violation of applicable law;

3. Award Plaintiff compensatory damages for pecuniary losses,

emotional pain, and mental anguish in excess of $550,000 together with attorney fees pursuant to 42 U.S.C.A § 1988 and the costs and disbursements of this action;

4. Award Plaintiff punitive damages and affirmative relief necessary to eradicate the effects of the intentional, unlawful employment practices and discrimination;

5. Grant Plaintiff a jury trial on all issues of fact; and

6. Grant such other relief as to the court may seem just and proper.

Dated: 1/17/2022

Respectfully submitted,

BY: _____
Pro Se
Trina T. Chu
14842 Porter Rd, Winter Garden, FL 34787
Fax. 888-417-7469, chu_trina@hotmail.com

### Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is

supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

BY: _____/s/ Trina_____  January 17, 2022
Pro Se
Trina T. Chu
14842 Porter Rd, Winter Garden, FL 34787
Fax. 888-417-7469, chu_trina@hotmail.com